James CALDWELL et al., Plaintiffs,

v.

Alvin CANNADY, Individually and as Superintendent of Schools of the Lamesa Independent School District, et al., Defendants.

Civ. A. Nos. 5-994, 5-1001 and 5-1002.

United States District Court,
N. D. Texas,
Lubbock Division.

March 9, 1972.

**836**

Karl Cayton and Willis E. Gresham, Jr., Cayton, Gresham & Fulbright, Sam Saleh, Saleh & Saleh, Lamesa, Tex., for plaintiffs.

James H. Milam, Crenshaw, Dupree & Milam, Lubbock, Tex., for defendants.

## MEMORANDUM OPINION AND FINAL JUDGMENT AND ORDER

WOODWARD, District Judge.

This action was brought by four high school students and their fathers, as next friends, against the officials of the Lamesa Independent School District, following the school board's expulsion of the four from Lamesa High School for alleged violation of the school board's policy prohibiting possession of drugs, including marijuana. Plaintiffs contend that the policy in question is unconstitutional, both on its face and as applied to them, and that the evidence used against them was obtained through illegal searches and seizures. They are seeking a permanent injunction to restrain the school authorities from interfering with or prohibiting the students' attendance at Lamesa High School and a declaratory judgment concerning the constitutionality of the aforementioned policy, as well as a finding that the evidence used against the students was illegally obtained and therefore not to be considered by the school board.

On March 1, 1972, the Court had its final hearing on the matter, with all parties being present and represented by counsel. After extensive consideration of the record in this case, and of the briefs and arguments of counsel, the Court files this memorandum opinion as its findings of fact and conclusions of law, and also as its order and final judgment in each of the above cases.

On December 20, 1971, the Board of Trustees of the Lamesa Independent School District adopted policy 5131, which reads in pertinent part as follows:

> "Use, Possession or Sale of Dangerous Drugs or Narcotic Drugs
>
> Any student who shall sell, use or possess any dangerous drug or narcotic drug (as those terms are now defined, or may hereafter be defined, by law), . . . shall be expelled from school

for not less than the balance of the semester during which such offense occurs and not more than the balance of the entire school year remaining. No credit shall be given to the student for any work accomplished in a semester during which he is expelled."

This policy, which calls for mandatory expulsion, superseded the portion of the previous policy 5114.1 which made expulsion discretionary under the same circumstances. According to the undisputed testimony of defendants, a written copy of this policy was given to each student on or about December 20, 1971, and the policy was announced over the public address system to each class and was published in the Lamesa newspaper.

On January 14, 1972, plaintiffs James Caldwell, 18, and Ronnie Jones, 16, were arrested in Lamesa, Dawson County, Texas, by officers of the Texas Department of Public Safety and two state narcotics agents and charged with possession of marijuana. A few days later, Caldwell was indicted by the grand jury of Dawson County on these same charges. Jones, being a minor, was not indicted, but charges of delinquency were brought against him in county court, ostensibly as a result of this same incident.

On January 21, 1972, Caldwell was expelled by the school administration for the remainder of the semester. On January 25, 1972, after a hearing in open court with counsel and parties present, this Court found a lack of procedural due process on the part of the school board in the manner in which Caldwell was expelled, and granted a preliminary injunction the effect of which was to reinstate Caldwell pending final disposition of his case. The Court ordered

plaintiff Caldwell to request a hearing before the State Commissioner of Education as provided by the Texas Education Code. This order was entered because of the failure of the school authorities to follow their own procedural rules,[1] in that Caldwell was actually expelled before a hearing was held.

On January 15, 1972, plaintiffs Kenneth Dale Barrow, 18, and Steven Carl Barrow, 17, were arrested in Borden County, Texas, by officers of the Texas Department of Public Safety and charged with possession of marijuana. On February 1, 1972, after the District Attorney of Borden County had advised that the charges would be presented to the next grand jury, the Barrows were expelled by the school board for the remainder of the semester.

On February 3, 1972, plaintiff Ronnie Jones was expelled by the school board for the remainder of the semester.

On February 8, 1972, on motion of the plaintiff, Ronnie Jones was reinstated by this Court as a student in Lamesa High School under a temporary injunction similar to the one issued with regard to the Caldwell boy.

On February 9, 1972, a similar order of temporary reinstatement was issued by this Court with regard to the two Barrow boys, and all four cases were set for a combined hearing and trial on the merits on March 1, 1972.

On the evening of February 9, 1972, plaintiff Steven Carl Barrow was again arrested in Lynn County, Texas, by officers of the Texas Department of Public Safety and charged with possession of marijuana. The circumstances of this arrest were aggravated by the fact that immediately prior to his apprehension,

---

1. ". . . Before expulsion by the Board, the Superintendent shall present a report in writing of the measures taken by the administration and by the teacher in trying to bring about the proper conduct on the part of the pupil. In reviewing the report of the Superintendent and the teacher, the Board of Education shall note the number of times the pupil has been suspended from school and also the contacts with the parents by the teacher and administration. A pupil will not be excluded from school for any reason unless the parents have been notified in writing by certified mail and given an opportunity to be present at the meeting at which the expulsion of the pupil will be considered. . . ." (Policy 5114 adopted July 20, 1970)

Steven Carl Barrow drove his car at a high rate of speed through the scene of a fatal accident and forced patrolmen to give high speed chase down the highway before he could be apprehended. Upon being apprised of these facts by counsel for both plaintiff and defense, the Court in an order dated February 14, 1972, rescinded its temporary reinstatement order with regard to Steven Carl Barrow.

Evidence was presented that all of the expulsions were ordered by the school board after written notice and hearing was afforded the students and their parents in accordance with Rule 5114, *supra*, with the exception of the expulsion of Caldwell.

On February 28, 1972, pursuant to an order of this Court, an original proceeding was held before Dr. J. W. Edgar, Commissioner of Education of the State of Texas to determine whether James Caldwell had violated the policy of the Lamesa school board concerning possession of marijuana. This hearing before Dr. Edgar was ordered by the Court following its finding that procedural due process had been denied James Caldwell by the school authorities at the time of his expulsion. No such denial of due process was apparent in the expulsion of the other three boys, so no such original proceeding before the Commissioner was ordered by the Court in the Jones or Barrow cases. The Court made it clear that nothing in its orders was to prevent any party from following the state agency appeal route provided by law in these circumstances, or to interfere in any way with state criminal or juvenile proceedings. Dr. Edgar has not rendered any decision in the matter to this date.

The hearing before this Court on March 1, 1972, dealt solely with the constitutional issues involved in the four cases and was not intended to determine the fact questions that were to be resolved by Dr. Edgar.

## A. *Constitutionality of the Policy in Question*

■ This Court finds that Policy 5131 of the Board of Trustees of the Lamesa Independent School District is constitutionally valid.

The Court is here faced with two delicate, complicated and troublesome issues: first, the proper scope of authority of those in charge of public education; second, the mounting problems resulting throughout the country from the increasing use of drugs. This Court feels that these problems demand too great an expertise to be resolved solely by resort to the courts. In particular, as far as the underlying issue which confronts us here is concerned—that is, whether marijuana is properly included in the class of "dangerous drugs"—the Court considers that to be a matter for legislative determination and not one for judicial legislation.

The power to administer public education is delegated by law to local school boards. Those bodies are charged with the principal duty of providing quality education, which includes a proper environment for quality education. This duty necessarily carries with it the power to promulgate whatever measures appear reasonably necessary to carry out these purposes.

It is obvious to this Court that the possession, or certainly the use of drugs by students could have an adverse effect on the quality of the educational environment in a school of any level, but particularly so when children high school age or younger are involved. This Court therefore holds that the enactment of a policy which prohibits student possession of dangerous drugs, as defined by the Legislature of the State of Texas, is a reasonable exercise of the power vested in this local school board.

The fact that this board does not have a policy of compulsory expulsion of students who might violate other serious crimes does not necessarily invalidate the policy under consideration in this case, nor is it invalidated by the fact that some are found to be guilty of its violation while some are not.

There being no constitutional infirmities, Policy 5131 of the Board of Trustees of the Lamesa Independent School

District is valid and in full force and effect.

## B. *Procedural Due Process*

■ There is no question but that Policy 5114 of the Board of Trustees of the Lamesa Independent School District, if followed, provides constitutional due process in setting out the procedures to be used in expelling a student. In the case of the Caldwell boy, this Court found that the board had failed to follow procedures called for in their own policy, and that the boy had therefore been denied due process. This fact, combined with testimony which indicated that members of the board had themselves been prosecuting and investigating this case before local authorities and members of the Dawson County grand jury, prompted the Court to require that Caldwell be given an original hearing by the State Commissioner. The fact that the board's policy provides for procedural due process is meaningless unless the board itself adheres to its own rules and avoids any participation by any member in the prosecution or the gathering of evidence. For the board to act as investigator, prosecutor, judge and jury makes a mockery of the notion of a fair hearing.

Although there was evidence of some extra-official activity by board members in the Jones and Barrow cases, it was not definite enough to prevent a finding by this Court that those boys were given fair and impartial hearings by the board, and the Court so finds. If any unfairness or impartiality did in fact exist in those cases, it can be cured by appeal to the Commissioner of Education and to the State Board of Education, as provided by statute.

## C. *Search and Seizure*

Having held that the policies involved are valid, and that the plaintiffs have all now been afforded fair and impartial hearings, after proper notice, the Court must now consider whether any other constitutional rights of the plaintiffs were denied them. Specifically, the Court must determine whether the evidence used against these boys was obtained in violation of the search and seizure provisions of the Fourth Amendment. While many of the issues presented by these cases demand expertise other than that of the courts, this is one area that is peculiarly within the judicial province.

■■ It is no longer subject to question that a student loses none of his constitutional rights by virtue of his status as a student. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). It has been made equally clear by the Supreme Court of the United States that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable . . . ." Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), quoted with approval by the· Fifth Circuit in United States v. Resnick, 455 F.2d 1127 (opinion dated February 3, 1972). No distinction was made in *Coolidge* between civil and criminal searches. Exceptions to the rule are carefully and jealously drawn, and the burden is on those who seek an exception to show that the circumstances made their actions imperative.

It has been stipulated by counsel that the evidence used against these plaintiffs was obtained in each case during an automobile search, and that no warrants of any kind were issued for any search or arrest with regard to these plaintiffs or their automobiles.

■ The combined effect of *Tinker, supra,* and *Coolidge, supra,* prohibits the consideration by a school board of evidence obtained in violation of Fourth Amendment rights. Application of this rule to the facts at hand leads this Court to the unhappy necessity of reaching different results with regard to the four plaintiffs.

■ On February 14, 1972, at approximately 10:00 p. m., the car in which James Caldwell and Ronnie Jones

were riding was stopped in Lamesa, Dawson County, Texas, and a search was made of both the boys and their automobile. According to the testimony of the officer in charge of the search, the automobile was stopped for the sole purpose of searching for narcotics, based on information received from a reliable informant earlier in the evening. The officer testified that specific information as to the description of the car, its license number and the identity of one of its occupants was received between 7:00 p. m. and 7:15 p. m. that evening, at least two and a half to three hours before the search. Stipulated evidence indicates that each of the Dawson County magistrates was available during those hours, and that none of them was approached by anyone about a search warrant. Between the time they re- evening, at least two and a half to three the arrest, the officers involved attended a party and ate dinner. This Court finds that there was ample time and opportunity to obtain a search warrant and that the circumstances required it. The officers having failed in that respect, the search and seizure in question was *per se* unreasonable, and the evidence thereby obtained may not be considered.

There being therefore no permissible evidence to support the expulsion of James Caldwell and Ronnie Jones, the Court is making permanent the injunction in favor of those two plaintiffs.

As to Steven Carl Barrow, the Court is making its ruling based on his second arrest, the one occurring on the night of February 9, 1972 in Lynn County, Texas. It has been stipulated by counsel that the search involved was reasonable and that marijuana was discovered as a result of that search. The Court finds that such evidence was constitutionally obtained and was properly considered by the school board. The Court further finds that, based on this evidence, the board had a right to find Steven in violation of Policy 5131 and to suspend him for the remainder of the semester. The injunction will be denied as to Steven Carl Barrow. .

This is not to prevent in any way any appeals this plaintiff wishes to pursue to the Commissioner of Education, the State Board of Education, or any other forum with appropriate jurisdiction.

■ The case of Kenneth Dale Barrow is very close and very difficult. The facts disclose that on the morning of February 15, 1972, the officers received a tip that later that evening there would be youngsters from Lamesa driving to Snyder to attend a marijuana party. That tip contained no names or automobile description or other information upon which a request for a search warrant could have been based. It was not until after 5:00 p. m. that afternoon, when the officers went on duty, that they received reliable information on the specific automobiles and people involved. The evidence indicates that at that time, the officers had good reason to believe that the automobiles were already enroute to Snyder, and the officers left in pursuit almost immediately after receiving the information. The car in which Kenneth Barrow was riding was stopped, he was asked to get out, and before a search of his person was commenced he tendered to the officers the bag of marijuana which has been used as evidence in this case.

The Court finds that under the circumstances, the search and arrest of Kenneth Dale Barrow without a warrant on the night of February 15, 1972 in Gail, Borden County, Texas were reasonable, and that the evidence thereby obtained was properly considered by the school board. This Court upholds the right of the board to suspend Kenneth for the remainder of the semester.

The injunction will be denied as to Kenneth Dale Barrow, and he may likewise appeal.

### D. *Fifth Amendment Rights of Students*

■ This Court has been asked to rule on the question of whether the refusal of a student to testify before a school board in a matter involving charges against him for violation of Pol-

icy 5131 can be used against him as an admission of guilt.

The Court holds that one cannot be denied his Fifth Amendment right to remain silent merely because he is a student. Further, his silence shall under no circumstances be used against him as an admission of guilt.

This is highly distinguishable from the duty placed upon a policeman to explain his own conduct at a disciplinary hearing or face automatic removal from the force. A policeman is a representative of a body charged with law enforcement whose conduct must be absolutely unblemished and above reproach. He is in a position of trust which he has voluntarily chosen to assume, and in which he is under no pressure to remain. The considerations of age must also be weighed, with greater protections being afforded children due to their youth.

Having made the foregoing findings of fact and conclusions of law, the Court now enters the following order:

### I.

Policies 5131 and 5114 of the Board of Trustees of the Lamesa Independent School District are hereby found and declared to be constitutionally valid as written and as applied in the cases at hand and that same are not violative of any constitutional rights of the students in this school district.

### II.

Defendants are hereby permanently enjoined from prohibiting or in any way interfering with the attendance of plaintiffs James Caldwell and Ronnie Jones at their regular classes at Lamesa High School for the remainder of the semester because of their possession of marijuana on the occasions discussed above.

### III.

The prayer that the Court make permanent its injunction as to plaintiff Steven Carl Barrow is hereby denied, and the expulsion of Steven Carl Barrow by the Lamesa Independent School District because of the above circumstances is upheld.

### IV.

The prayer that the Court make permanent its injunction as to plaintiff Kenneth Dale Barrow is hereby denied, and the expulsion of Kenneth Dale Barrow by the Lamesa Independent School District because of the above circumstances is upheld.

### V.

Nothing in this order is to be construed as constituting a ruling on the admissibility of evidence at any criminal proceedings in the state courts, as evidentiary hearings on exclusion of evidence in those courts could very well produce evidence not available to this Court, nor shall this order in any way affect or control criminal proceedings in other courts.