356 So.2d 931 (1978)
Ricky D. FRANKLIN, a Minor, by and through His Mother and Next Friend, Annie Baxter, Petitioner,
v.
DISTRICT SCHOOL BOARD OF HENDRY COUNTY, Florida, Respondent.
No. 77-1888.
District Court of Appeal of Florida, Second District.
March 29, 1978.
*932 Robert J. Shapiro, Florida Rural Legal Services, Inc., Belle Glade, for petitioner.
Owen L. Luckey, Jr. of Luckey & Harrell, Labelle, for respondent.
BOARDMAN, Chief Judge.
Petitioner, Ricky Franklin, petitions for writ of certiorari to review his expulsion from high school by respondent, District School Board of Hendry County. He contends that all of the evidence both written and oral upon which the order of expulsion was based was hearsay and, therefore, insufficient to support the school board's action. We agree and reverse.
The evidence tending to show petitioner's guilt of the two acts upon which his expulsion was based consisted only of affidavits of the alleged student/victim and the testimony of the school principal and vice principal concerning what this student told them. No witness to the acts concerned testified nor did petitioner admit having committed either of the acts.
School expulsion proceedings are governed by Section 120.57, Florida Statutes (1975). See Section 230.23(6)(c), Florida Statutes (Supp. 1976). Section 120.58, applicable to proceedings under Section 120.57, provides in pertinent part: "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." Clearly, all of the evidence introduced against petitioner constituted hearsay inadmissible over objection in a civil action. Accordingly, we must conclude that while admissible at the expulsion hearing, the hearsay standing alone was insufficient evidence upon which to predicate the order expelling petitioner.
REVERSED and REMANDED for further proceedings consistent with this opinion.
OTT and RYDER, JJ., concur.