SHARP, Judge,
dissenting.
Jeff Perry, a thirteen year old former student at the Beasley Middle School, appeals his expulsion from the school for the first six weeks of the 1983-84 school year and his assignment to the alternative school program for the second and third grading periods. He was charged with violating Rule XI of the Putnam County School Board, “conduct subversive to good order at the school,” and was afforded a hearing before the Putnam County School Board. Jeff brought to school a pill, which he was told by a high school student was “speed,” and sold it to another student for $1.00. The nature of the pill was not established, and the parties concede no one knows whether it was actually an illegal drug.
Jeff raises numerous points on this appeal, some of which I think have merit. At the hearing, Jeff’s violation of Rule XI was established in primarily three ways: Jeffs handwritten confession and oral statements made to the school personnel; the transcribed testimony of another student at another hearing; and Jeffs own testimony. There is a serious constitutional problem with each. See Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).
A student faced with disciplinary proceedings is not entitled to Miranda warnings [1] prior to being interrogated by school authorities.[2] However, it appears to me that the voluntary nature of Jeffs statements is highly suspect. See In Re Brendan H., 82 Misc.2d 1077, 372 N.Y.S.2d 473 (N.Y.Fam.Ct.1975). Jeff was not told that his statement would be used against him at the expulsion proceeding, or even that the charges against him could result in his expulsion or suspension. At that time, his parents were not present, nor had they been told of the charges against him. Jeff was only thirteen, and apparently had not been in serious trouble before at school. And finally, the school authority who questioned him, Dean Buckles, told Jeff that if he would sign the written statement, “he would do all he could to help” him. School authorities do stand in loco parentis with the students, and they should deal fairly with them. King v. Dade County Board of Public Instruction, 286 So.2d 256 (Fla. 3d DCA 1973), cert. denied, 294 So.2d 89 (Fla.1974).
When Jeff was called to testify against himself at thé school board hearing, his attorney objected, but failed to specify Jeffs fifth amendment rights as the basis for his objection.[3] One member of the school board said she thought it was unfair to require him to testify. The board also allowed Jeffs mother to object on his behalf, which she did essentially on the ground of lack of fairness. Under these circumstances, I think the board or its counsel should have informed Jeff and his parents of his right not to testify, or they should not have called him as a witness. See C.G.H. v. State, 404 So.2d 400 (Fla. 5th DCA 1981); R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981); Cochran v. State, 117 So.2d 544 (Fla. 3d DCA 1960).
The final element of proof consisted of another student’s deposition testimony taken at a proceeding to which Jeff was not a party and at which he had no right of cross-examination. It was clearly hearsay and Jeff’s attorney challenged its admission on that basis.[4] He also pointed out he had not been shown the proffered testimony prior to the time it was being read to the school board, and therefore, may have *1103 been deprived of an opportunity to raise other objections to its admission, or parts of it. In view of the quality of the other proofs against Jeff at this hearing, the deposition cannot be considered merely cumulative. Alone it cannot sustain a finding against Jeff. See Franklin v. District School Board of Hendry County, 356 So.2d 931 (Fla. 2d DCA 1979).
I would reverse.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. United States v. Parr-Pla, 549 F.2d 660 (9th Cir.), cert. denied, 431 U.S. 972, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (1977); cf. Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Gonzales v. McEuen, 435 F.Supp. 460, (C.D.Cal.1977); Caldwell v. Cannady, 340 F.Supp. 835 (N.D.Texas 1972); Kozerowitz v. Florida Real Estate Commission, 289 So.2d 391 (Fla.1974); U.S. Const. art. V; Art. I, § 9, Fla. Const.

.See Hart v. Ferris State College, 557 F.Supp. 1379 (W.D.Mich.1983); Gonzales.