# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00185-SCT

*ELIZABETH CAROLYN WALLS*

*v.*

*MISSISSIPPI BOARD OF BAR ADMISSIONS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/08/94 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIE L. BAILEY |
| ATTORNEY FOR APPELLEE: | MARY MARGARET BOWERS |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | AFFIRMED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

The appellant, Elizabeth C. Walls, sat for the February, 1991, bar examination. Helen Robinson, another examinee, alleged that during the middle of a morning session, as she took a break to go into the restroom, she saw an individual whom she later identified as Walls, coming out of the ladies' restroom carrying a volume of Mississippi BarBri materials. Robinson later signed an affidavit on February 27, 1991, detailing her observations of the individual in the hallway.

On March 1, 1991, a letter was sent to Walls summoning her to appear on March 11, 1991, before a review committee to determine the necessity for a formal hearing on charges that she had cheated on the examination. At that meeting, members of the review committee felt that Walls was not truthful, and recommended a formal hearing before the full board. Members of the review committee participated in the formal hearing also.

On April 17, 1991, Walls found out that she did not pass the bar exam. In addition, the Board sent a "show cause" order to appear before the Board at its June 21, 1991 meeting. On that date the Board

conducted a hearing on Walls' alleged violation. Walls represented herself and brought no witnesses on her own behalf. Carter Thompson acted as prosecutor on behalf of the Board. Thompson, in his opening statement referenced earlier meetings that had been held concerning Walls. An earlier, unrelated incident dealing with the truthfulness of statements on Wall's bar application was also mentioned.

Robinson testified at the hearing that she was positive that the materials that she saw in the possession of Walls were bar review materials and that Walls was the person that she saw with possession of those materials.

Following the hearing the Board entered its Opinion and Judgment on August 15, 1991, finding that Walls had cheated on the bar exam, and prohibiting her from taking the Mississippi Bar for three years. Walls is also required to satisfy the Committee on Character and Fitness of her fitness to take the Examination at that time.

Walls appealed to the Hinds County Chancery Court on February 7, 1992. After oral arguments the chancellor found that Walls was accorded due process requirements and that the Board possesses the authority to impose sanctions for Rules violations. The chancellor then upheld the Opinion and Judgment of the Board, finding it to be supported by substantial evidence and that it was neither arbitrary, capricious, or malicious. Aggrieved, Walls appeals.

## STANDARD OF REVIEW

The Supreme Court's review of the action of the chancery court in reviewing a Board of Bar Admission's decision is ordinarily *de novo*. ***Watkins v. Mississippi Board of Bar Admissions***, 659 So. 2d 561, 567 (Miss. 1995); ***Mississippi Board of Bar Admissions v. Applicant F***, 582 So. 2d 377 (Miss. 1991).

## DISCUSSION OF LAW

### I.

**WHETHER WALLS WAS GIVEN DUE PROCESS NOTICE AND ACCORDED PROCEDURAL DUE PROCESS AT THE MARCH 11, 1991 REVIEW COMMITTEE HEARING OF THE BOARD.**

Walls asserts that she was denied procedural due process notice at the March 11, 1991 review committee meeting because the notice of the meeting, dated March 1, 1991, did not apprise her of the specifics of the charge against her or of the witness' identity. However, the purpose of that meeting was to determine the necessity of a formal hearing, not to actually hold a hearing. Walls did not have to defend herself in formal proceedings until the June 19, 1991 hearing. Neither was any testimony taken from Walls or any other witness. How much process is due depends on the particular circumstances. ***Jones v. Bd. of Trustees of the Pascagoula Municipal Separate School District,*** 524 So. 2d 968, 973 (Miss. 1988). At no point has Walls indicated that were she given more advance notice and a greater opportunity to be heard, she could have presented additional or other information. She has failed to show that in any way she could have presented a better or more persuasive case on her own behalf had she been given greater advance notice and a more liberal

opportunity to be heard. *See **Meeks v. Tallahatchie County***, 513 So. 2d 563, 565 (Miss. 1987).

Therefore, this Court finds that this issue is meritless.

## II.

### WHETHER WALLS WAS DENIED DUE PROCESS AND A FAIR AND IMPARTIAL HEARING BY THE BOARD ON JUNE 21, 1991.

Walls' next claim is that she was denied due process at her formal hearing on June 21, 1991. Walls bases this claim on two allegations. Essentially, those are that: (1) Thompson's opening statement which referenced Walls' earlier appearance before the Board was improper and denied her the notice and opportunity to prepare herself for the broader scope of the hearing; and, (2) The other members of the review committee, with whom she had met on March 11, 1991, should have recused themselves from the formal hearing because they had formed an opinion that Walls was guilty of the allegations made by Robinson. The chancellor noted that nothing in the record indicates that Thompson's comments were prejudicial to Walls nor was there evidence that the prior character and fitness review referred to by Thompson was ever considered. As a result, the chancellor upheld the finding of the Board, in keeping with the "arbitrary and capricious" standard applicable to the chancellor's review of the findings of the Board. We agree. The chancery court may reverse the action of the Board only where it finds that the decision was arbitrary, capricious, or malicious. ***Applicant F*** at 379. This Court's review of the action of the chancery court is *de novo*. ***Id***. But in this Court's *de novo* review, we accept the same limitation upon our own review of the Board's action. That there be no doubt hereafter, this Court will vacate or modify the Board's decision only where it is arbitrary, capricious, or malicious. ***Id***.

Walls' second assertion under this allegation of error is that the members of the review committee should have recused themselves. Walls has failed to support her argument with authority. Where a party before this Court fails to cite authority in support of an issue, this Court may, at its option decline to address that issue. We exercise that option in this case. ***Johnson v. State,*** 642 So. 2d 924, 929 (Miss. 1994); ***Gerrard v. State,*** 619 So. 2d 212, 216 (Miss. 1993) (*citing **Wright v. State***, 540 So. 2d 1, 4 (Miss. 1989). Issues unsupported and not argued are abandoned and need not be considered. ***Thibodeaux v. State***, 652 So. 2d 153, 155 (Miss. 1995) (*citing **Pate v. State*** 419 So. 2d 1324, 1325-26 (Miss. 1982). Therefore, we find that this issue is meritless.

## III.

### WHETHER THE BOARD HAS AUTHORITY UNDER THE RULES GOVERNING ADMISSION TO THE MISSISSIPPI BAR TO IMPOSE SANCTIONS AGAINST WALLS.

Walls next contends that the imposition of sanctions against her by the Board was beyond the scope of the Board's authority. This Court stated in ***Mississippi Board of Bar Admissions v. Applicant F***, 582 So. 2d at 378-79, that it has the power to adjudge fitness to practice law on the front end, before an applicant has been admitted to the bar. Under Rule II, § 2 of the Rules Governing Admission to the Bar, the Supreme Court made a delegation of administrative authority granted to it by the Legislature. Thus, the Board would be empowered to impose sanctions to the same extent that the Court is empowered to do so. As the Court has delegated that power to the Board, then the Board is

empowered to address unfitness on the front end also. That power is tempered by the right of the applicant to appeal to the chancery court.

Consequently, this issue is without merit.

## IV.

**WHETHER IT WAS ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT WALLS VIOLATED RULE IX, § 7(B) OF THE RULES GOVERNING ADMISSION TO THE MISSISSIPPI BAR.**

Walls final contention of error is that it was not proven by clear and convincing evidence that she cheated on her bar exam because no one saw her go into the examination room carrying bar review materials or saw her use them to answer any of the examination questions. Clear and convincing proof as "that proof which results in reasonable certainty of the truth of the ultimate fact in controversy. Proof which requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. Clear and convincing proof will be shown where the truth of the facts asserted is highly probable." *Black's Law Dictionary*, 6th edition, at 251. Therefore clear and convincing evidence is shown when the asserted accusation is highly probable.

Walls is not accused of taking the materials into the examination room, *per se*. She is being accused of possessing study materials during the administration of the examination. There is nothing in Robinson's testimony to indicate that she was not truthful in either her affidavit or her sworn testimony before the Board. Further, if Robinson is to be believed, then Walls has asserted no reason to be in possession of the prohibited materials. Rather, she has denied being in possession at all of any study materials whatsoever during the administration of the examination.

Since there appears to be nothing arbitrary, capricious, or malicious about the decision of the Board, and this Court does not sit to redetermine findings of fact, this Court finds this issue to be without merit.

**JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**