931 So.2d 634 (2006)
In the Interest of T.B., a Minor, by and through his Next Friend and Parent, C.B., Appellant
v.
BOARD OF TRUSTEES OF The VICKSBURG WARREN SCHOOL DISTRICT, Appellee.
No. 2004-CA-02283-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Rehearing Denied June 20, 2006.
*635 Mark W. Prewitt, Vicksburg, attorney for appellant.
Ben J. Piazza, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. T.B., a ninth grade student at Warren Central High School, was expelled for the remainder of the 2003-2004 school year for alleged possession and sale of controlled substances while at school.[1] Aggrieved, T.B., by and through his father as next friend, appeals and asserts that (1) there was a violation of his constitutional rights and (2) the decision of the Board of Trustees of the Vicksburg-Warren School District was not supported by substantial evidence.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 13, 2003, T.B. was suspended by Warren Central High School's principal, E.M. Douglas, for possession and sale of controlled substances and for "threatening to have a snitch jumped on and beat up."[2] The suspension was pending a review by the school district's discipline review committee. On November 25, 2003, a hearing was held before the committee. At this hearing, testimony was taken from another Warren Central High School student, T.S., and Principal Mack Douglas.[3] T.B. testified in his own defense, and he denied that any of the accusations were true. After receiving and reviewing the evidence, the committee recommended that T.B. be expelled for the remainder of the 2003-2004 school year. Feeling aggrieved by the committee's decision, T.B. appealed to the Board of Trustees of the Vicksburg-Warren School District. *636 After reviewing the record of the hearing before discipline review committee and hearing arguments from T.B's attorney, the board upheld the recommendation of the committee and formally expelled T.B. for the remainder of the 2003-2004 school year. From the board's decision to uphold expulsion, T.B. perfected an appeal to the Warren County Circuit Court. The circuit court affirmed the board's decision, and T.B. now appeals to this Court from that adverse ruling.

(1) T.B.'s Constitutional Rights
¶ 4. T.B. contends that he was denied a fair hearing and his constitutional rights were violated. Specifically, T.B. argues that his due process rights were violated when: (1) no list of witnesses that would testify about the specific charges was provided to him prior to the hearing, (2) he was not given an explanation of the evidence against him, (3) he was denied the right of confrontation and cross-examination, and (4) he was not notified that a key witness had changed his story.
¶ 5. "There is no question that a student facing suspension or expulsion has a property interest that qualifies for protection under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Warren County Bd. of Educ. v. Wilkinson, 500 So.2d 455, 458 (Miss.1986). Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) is the landmark case establishing a student's rights to due process when facing suspension or expulsion from school. In Goss, the United States Supreme court stated:
Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story.... [However,] longer suspensions or expulsions for the remainder of the school term, or permanently, may require more formal procedures.
Goss, 419 U.S. at 581, 584, 95 S.Ct. 729. Goss does not clearly articulate what is meant by the phrase "more formal procedures" when dealing with longer suspensions or expulsions. However, the Fifth Circuit has acknowledged that some safeguards should be afforded to satisfy long-term suspensions. In a case in which a student claimed that his due process rights were violated, the Fifth Circuit held that: "[T]he standards of procedural due process are not wooden absolutes and that the sufficiency of procedures employed in a particular situation must be judged in light of the parties, the subject matter, and the circumstances involved." Keough v. Tate County Bd. of Educ., 748 F.2d 1077, 1081 (5th Cir.1984). Therefore, we must examine the facts and circumstances involved in the case to determine if there were any violations of T.B.'s due process rights.
¶ 6. T.B. asserts that he was denied due process because he did not receive the names of witnesses prior to the hearing. We must note that T.B. never requested that he be provided with a list of witnesses. Nevertheless, The Mississippi Supreme Court has held that failure to provide a list of witnesses is not necessarily a denial of due process. In Jones v. Bd. of Trustees of Pascagoula Mun. Separate School Dist., 524 So.2d 968, 973 (Miss. 1988), our supreme court stated: "Since how much process is due depends on the particular circumstances, a denial of a list of witnesses will not always amount to a prejudicial denial of due process. Particularly, this must be so with student witnesses, since a school board has not been *637 given the power of subpoena." Moreover, in a case where a student was not provided with a list of witnesses prior to the hearing, the Fifth Circuit held that "the student was not denied due process because the student and his parents were fully appraised of the charges, the underlying facts supporting the charges, the nature of the hearing, and that they were entitled to counsel." Keough, 748 F.2d at 1081.
¶ 7. Similarly, we find that T.B. was not denied due process when the school failed to provide a list of witnesses prior to his hearing. T.B. was apprised of the charges against him. He was informed that the charges stemmed from the incident in which T.S. and other students said that he possessed and sold controlled substances at school. T.B. also knew that the hearing before the district's discipline review committee was in relation to his suspension for possession and selling controlled substances and "threatening to have a snitch jumped on and beat up." Finally, T.B. was allowed to have legal counsel present to aid his defense against the charges. Therefore, this issue is without merit.
¶ 8. T.B. also argues that he was not given an explanation of the evidence against him because the school failed to inform him that T.S. had changed his story. T.B. contends that he should have been told that T.S. informed school authorities that he lied when he said that he obtained the pill from T.B. on November 5, 2003, when the actual date of the incident was October 7, 2003. According to T.B., the board's failure to inform him of the discrepancy in this crucial piece of evidence against him unlawfully allowed the board to take his parents and attorney totally by surprise because their whole defense was geared towards defending against the November 5th allegations.
¶ 9. We acknowledge the fact that prior to the hearing, T.B. and his attorney were not told of the T.S. recanting his original statement implicating T.B. in the November 5th sale of the pill. However, a review of the record reveals that T.B. was suspended and eventually expelled from school for possession and selling controlled substances. More importantly, his suspension and expulsion were not predicated upon a particular date in which he possessed and sold controlled substances, but were the result of continuous incidents in which T.B. allegedly possessed and sold controlled substances while on school property. Consequently, T.B. was given an explanation of the evidence against him. The date of the incident was immaterial under the circumstances. Furthermore, T.B.'s attorney was allowed to cross-examine T.S. about the reasons for his untruthful first statement. T.B.'s attorney was also allowed to cross-examine Principal Douglas as to why he or the school board never informed T.B. of the fact that T.S. changed his statement as to when the incident involving T.B. actually occurred. Therefore, we find that T.B. was given an explanation of the evidence against him, notwithstanding the change of the date of the incident. This issue is without merit.
¶ 10. T.B. further argues that he was denied his right to confrontation and cross-examination. T.B. maintains that he was denied a fair and impartial hearing before the discipline review committee because the committee considered hearsay testimony, i.e., the principal testified to what other students had told him about the incident. T.B. contends that the committee should not have considered the anonymous statements from other students because there was no way for him to question the veracity of the statements.
¶ 11. The Mississippi Supreme Court has held that admittance of hearsay evidence in student disciplinary proceedings is not a denial of confrontation rights. In *638 Jones, the court stated, "[C]ases seem to suggest that courts will not uphold actions taken solely upon hearsay statements of students, but that hearsay testimony from school employees is apparently treated differently, and admitting this type of hearsay does not deprive a student of due process." Jones, 524 So.2d at 973 (citations omitted). Therefore, hearsay testimony from Principal Douglas did not deprive T.B. of any of his due process rights. Moreover, T.B.'s attorney was allowed to question Principal Douglas about the statements from the unnamed individuals, and Douglas's response was that it was school policy to allow students to anonymously tell what they knew about certain incidents without being required to testify at a disciplinary hearing. Furthermore, T.B. was not denied the right of cross-examination because his attorney was allowed to question T.S. and Principal Douglas about all aspects of the facts and circumstances that gave rise to the charges. Accordingly, we find that this issue is without merit.

(2) Substantial Evidence
¶ 12. T.B. was charged with the possession and selling of controlled substances. There is no reference in Principal Douglas's written charge to any particular date for such possession and sale. At the hearing, T.S. directly implicated T.B. in the possession and sale of controlled substances. T.S. gave extensive detailed testimony about an alleged drug sale between himself and T.B. on October 7, 2003. T.S. testified that T.B. told him that the charge for the pill would be $5. T.S. also testified that T.B. said that purchased pill would either be Larocet or Darvocet. T.S. further testified that T.B. had approached him on prior occasions and informed him that he and another student had pills for sale.
¶ 13. T.B. argues that the committee and the school board should not have believed the testimony of T.S. because he admitted that he had previously lied and falsely implicated T.B. in the sale of pills on November 7, 2003. However, as an appellate court, it is not our function to weigh the credibility of witnesses. Credibility of witnesses is the sole province of the trier of fact, which in this case was the disciplinary committee and the school board. Apparently, the committee and the school board found T.S.'s testimony to be credible. Moreover, T.S.'s testimony was corroborated by the testimony from Principal Douglas concerning the results of his investigation. Although most of Principal Douglas's testimony was based on hearsay, such testimony was clearly admissible under Mississippi law and not violative of any of T.B.'s due process rights. See Jones, 524 So.2d at 973.
¶ 14. T.B. also argues that there was not substantial evidence to support the committee and school board's decision because he was never actually found be in possession of any controlled substances. According to the Mississippi Supreme Court, substantial evidence is "evidence that provides a substantial basis of fact from which the fact in issue can be reasonably inferred." Davis v. Public Employees' Retirement System, 750 So.2d 1225, 1233(¶ 24) (Miss.1999). Although there was no evidence of actual possession of a controlled substance by T.B., we find that there was a substantial basis from which the committee and the school board could reasonably infer that T.B. possessed and sold controlled substances while at school. In summary, although T.S. acknowledged that he initially lied about T.B.'s involvement with drugs on November 7, he implicated T.B. in drug possession and sale on more than one other occasion. The evidence uncovered during Principal Douglas's investigation further corroborated the *639 charges against T.B. Therefore, we find that the circuit court properly affirmed the committee and school board's decision to expel T.B. for the remainder of the 2003-2004 school year.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] We use initials in order to protect the identity of minors involved in this matter.
[2] The charge of "threatening to have a snitch jumped on and beat up" is not considered as part of this appeal.
[3] T.S. testified that he approached T.B. in the school's cafeteria and asked if he had anything for a headache. T.S. testified that T.B. told him no, but he could get a pill from another student, for $5. According to T.S., he only had $2, so T.B. gave him the additional $3 needed to purchase the pill. T.S. also testified that T.B. gave the $5 to the other student, and the other student gave T.B. a pill in exchange. T.S. further testified that T.B. gave him the pill, which he alleges was either Larocet or Darvocet pain medication. T.S. initially stated that the incident occurred on November 5, 2003; however, he later recanted and said that the incident occurred on October 7, 2003. Principal Douglas also presented four anonymous hand-written statements from other students implicating T.B. in the possession and selling of controlled substances at the school.