HAWKINS, Presiding Justice,
for the Court:
Grand Gulf Military Monument Commission has appealed an order of the circuit court of Claiborne County reinstating Phillip B. Cox, a discharged employee, as park manager. Finding the circuit court was without jurisdiction because Cox failed to file an appeal bond with that court, we reverse and render.
FACTS
Following a hearing, the chief hearing officer of the Mississippi Employee Appeals Board on June 24, 1983, affirmed Cox’s termination by the commission on April 15, 1983.
On September 28, 1983, Cox filed a petition for appeal to the circuit court of Claiborne County and for a writ of certiorari pursuant to Miss.Code Ann. (1972) §§ 11-51-93 and 25-9-131, and on the same date that court issued an order for the writ. On January 24, 1984, the circuit court issued its order for Cox’s reinstatement because of the commission’s failure to promulgate disciplinary rules and procedures in violation of Constitutional due process.
Cox filed no appeal bond at any time in his attempt to appeal to the circuit court.
LAW
This case is controlled by Mississippi State Personnel Board v. Armstrong, 454 So.2d 912 (Miss.1984), in which we held that Miss.Code Ann. (1972) §§ 11-51-95, 11-51-53 and 25-9-131(2) require an appeal bond which is jurisdictional. We do not address any other errors assigned.
We note in passing that Miss.Code Ann. (1972) § 25-9-132(1) enacted May 10, 1984, (Ch. 468, Miss.Laws 1984) subsequent to this case, specifically provides for an appeal bond in cases such as this.
*288 Finding it a nullity, the January 24,1984, order of the circuit court of Claiborne County will therefore be reversed and judgment rendered here for the commission.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.