558 So.2d 840 (1990)
UNITED CEMENT COMPANY and Mississippi Department of Natural Resources Permit Board
v.
SAFE AIR FOR THE ENVIRONMENT, INC.
No. 89-CA-515.
Supreme Court of Mississippi.
February 28, 1990.
Rehearing Denied April 11, 1990.
*841 William L. Smith, Brunini Grantham Grower & Hewes, Mike C. Moore, Atty. Gen., Tim Waycaster, Sp. Asst. Atty. Gen., Jackson, for appellant.
Hal H.H. McClanahan, III, Rufus A. Ward, Jr., West Point, David A. Smith, Columbus, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
One of the appellants, United Cement Company, filed an application with the Mississippi Department of Natural Resources Permit Board, the other appellant, for a modification of its Air Emissions Permit so as to permit it to burn a waste-derived supplemental fuel in its cement kiln in its plant at Artesia, Mississippi. United Cement had a permit issued earlier but sought a modification allowing it to use these industrial waste fuels. The Permit Board granted the modified permit. Safe Air for the Environment, Inc., hereinafter called "SAFE," objected to the Permit, and, pursuant to Miss. Code Ann. § 49-17-29(4)(b) (Supp. 1989), requested and was afforded a full evidentiary administrative hearing before the Permit Board. This hearing was conducted before the full Board on the first of August, 1988, after a continuance of about two months granted to SAFE.
The Board designated Special Assistant Attorney General Helen Wetherbee to sit with the Board as hearing officer. The staff of the Mississippi Bureau of Pollution Control and United Cement offered voluminous data, exhibits, and expert testimony in support of its request for the modified permit. SAFE offered no testimony, nor other evidence not already in the file, to refute the contentions of United Cement and the action of the Bureau or to show that the modified permit as issued would not adequately protect human health and environment. On August 26, 1988, the Permit Board, by unanimous vote, reaffirmed its earlier decision to issue the modified Permit.
SAFE then appealed to the Chancery Court of Lowndes County, charging that it had been denied due process of law in that Ms. Wetherbee, the hearing officer, was a Special Assistant Attorney General assigned to the Environment Section, and that Mr. Prestage, the attorney representing the Mississippi Bureau of Pollution Control, was also a Special Assistant Attorney General. Neither SAFE nor the learned Chancellor set out any facts or law *842 showing how this arrangement denied SAFE due process of law.
Despite the fact that SAFE presented no evidence in opposition to the issuance of the permit, the Chancellor reversed and remanded the matter to the Permit Board for another full evidentiary hearing before an impartial officer. He stated, in part:
The principal issue to be resolved is whether or not the employment relationship of the hearing officer was such to violate the basic concept of fairness. The hearing officer and the attorney for the Permit Board are both Special Assistant Attorney Generals [sic] for the State of Mississippi and are assigned to the Environmental Section. There can be little question that the hearing by the Permit Board was in the nature of a quasi-judicial proceeding over which the hearing officer presided, ruled on objections, controlled evidence, was required to make a finding of fact, and to make recommendations to the Board. Obviously the hearing officer was not as had been argued, just the referee.
The hearing officer did not hear this matter alone, or as a judge. The entire Permit Board was present for the hearing and heard the testimony of all of the witnesses themselves and decided the issues. After the Board had made its decision following the evidentiary hearing, SAFE petitioned for a rehearing, and the Board by unanimous vote reaffirmed its position.
With deference to the learned Chancellor, it is clear that his decision must be reversed and the decision of the Permit Board affirmed. We see no suggestion of partiality or impropriety in the use of an assistant attorney general as a hearing officer. State v. Mississippi Public Service Comm'n., 418 So.2d 779, 782 (Miss. 1982); Ka Fung Chan v. I.N.S., 634 F.2d 248, 258 (5th Cir.1981); Meyer v. State Dept. of Bus. Regulation, Etc., 402 So.2d 527, 529 (Fla.App. 1981). That office affords counsel to state agencies and we see no conflict or suggestion of unfairness in this arrangement. Frazier v. State by and through Pittman, 504 So.2d 675, 691 (Miss. 1987); State v. Mississippi Public Service Comm'n., 418 So.2d at 784. Further, we have examined the record with care and we find no bias indicated in any of the actions of the hearing officer in this case. Jones v. Pascagoula Mun. Sep. Sch. Dist., 524 So.2d 968, 973 (Miss. 1988); State Police v. Human Relations Comm'n., 116 Pa. Comwlth. 89, 542 A.2d 595, 603 (1988); Ka Fung Chan, 634 F.2d at 258. No evidence, not already in the file, sought to be admitted by SAFE was rejected. SAFE offered no testimony at all. Under the wise provisions of our statutes, the decision on this, as in other regulatory matters, is entrusted to the Administrative Board. Miss. Code Ann. §§ 49-17-17, 49-17-28, 49-17-29(4) (Supp. 1989). Under the decisions of this Court we may not substitute our judgment for the judgment of the Board. Harris v. Mississippi Real Estate Comm'n., 500 So.2d 958, 962 (Miss. 1986). Our standard of review requires that we look to see whether the decision of the Board is supported by substantial evidence, was arbitrary or capricious, was beyond the power of the administrative agency to make, or violated some statutory or constitutional right of the complaining party. Eidt v. City of Natchez, 421 So.2d 1225, 1231-1232 (Miss. 1982). We have found no violation of any statutory or constitutional right in this case. Therefore, if the evidence is there, the decision stands even though the Chancellor or this Court might have made a different decision. Harris, 500 So.2d at 962-63.
Administrative hearings of the character involved here are not trials and they are not governed by the same rules which apply in courts of law. New South Communications v. Answer Iowa, Inc., 490 So.2d 1225, 1227 (Miss. 1986). Further, there is a presumption that the officers conducting the hearing and the members of the Board behave honestly and fairly in the conduct of the hearings and in the decision-making process. Harrison County School Bd. v. Morreale, 538 So.2d 1196, 1202 (Miss. 1989). Absent some showing of personal or financial interest on the part of the hearing officer or evidence of misconduct on the officer's part, this presumption is *843 not overcome. Dampier v. Lawrence County School District, 344 So.2d 130, 132-33 (Miss. 1977); Hortonville Joint School District No. 1 v. Hortonville Education Association, 426 U.S. 482, 496-97, 96 S.Ct. 2308, 2315-16, 49 L.Ed.2d 1, 7-9 (1976). The hearing officer might well be an employee of the permitting board or a member of the board itself. Miss. Code Ann. §§ 49-17-29(4)(b), 49-17-33 (Supp. 1989); Jones v. Pascagoula Mun. Sep. Sch. Dist., 524 So.2d 968, 973 (Miss. 1988); Spadlin v. Bd. of Tr. Pascagoula School District, 515 So.2d 893, 898, 900 (Miss. 1987); Keough v. Tate County Board of Education, 748 F.2d 1077, 1081, 1083 (5th Cir.1984); Ka Fung Chan v. I.N.S., 634 F.2d at 258; Meyer v. State Dept. of Bus. Regulation, Etc., 402 So.2d at 529. Certainly, the hearing in this case was conducted in such a manner that the trial court and this Court are in a position to see whether the applicable rules of law and appropriate procedure were observed. Miss. Code Ann. § 49-17-33 (Supp. 1989); Love v. Mississippi State Bd. of Veterinary Exam., 92 So.2d 463, 467 (Miss. 1956).
The appellee/cross-appellant SAFE admits having knowledge of the identity of the hearing officer as an Assistant Attorney General well before the hearing and in time to object if any legitimate objection existed. It made no objection before the Board and proceeded through the hearing without objection. We are of the opinion that it waived any real or supposed objection it might have had by this conduct[1].
Looking now to the cross-appeal by SAFE, challenging, in effect, the form of the application for the permit, we find that it is abundantly clear from the record that the permit application was the application of United Cement. The cross-appeal is dismissed.
REVERSED AND RENDERED AND THE PERMIT REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., dissents without written opinion.
PITTMAN, J., not participating.
NOTES
[1] The particular section to which Assistant Attorney General Helen Wetherbee was assigned is of no consequence in this case since we found that no due process violation existed. The hearing officer acts in a representative capacity for the Permit Board. The hearing officer is not an adversary in the proceedings. Likewise, the Assistant Attorney General representing the Bureau of Pollution Control is not an adversary in the proceedings before the Permit Board. Miss. Code Ann. § 49-17-7 (Supp. 1989) provides:

(1) The Mississippi Commission on Natural Resources shall be the Mississippi Air and Water Pollution Control Commission, and shall exercise the duties and responsibilities of the Mississippi Air and Water Pollution Control Commission through the bureau of pollution control of the Mississippi Department of Natural Resources, insofar as practicable under the provisions of Chapter 2 of Title 49, Mississippi Code of 1972.
(2) The words "Mississippi Air and Water Pollution Control Commission" wherever they may appear in the laws of the State of Mississippi shall be construed to mean the Mississippi Commission of Natural Resources.
The Bureau of Pollution Control, the Permit Board, and the Permit Board's hearing officer are all a part of the same administrative agency, the Mississippi Department and Commission on Natural Resources. See also Miss. Code Ann. §§ 49-17-13, 49-17-28 (Supp. 1989).