## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 2000-CA-00281-SCT

*M. KENT SMITH*

*v.*

*THE UNIVERSITY OF MISSISSIPPI BY AND THROUGH THE BOARD OF TRUSTEES FOR STATE INSTITUTIONS OF HIGHER LEARNING*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/2000 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL LEE KNAPP |
| ATTORNEYS FOR APPELLEES: | MARY ANN CONNELL |
| | L. LEE TYNER, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 5/10/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/31/2001 |

### BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. This is an appeal from the Circuit Court of Lafayette County, Mississippi, the Honorable R. Kenneth Coleman presiding. M. Kent Smith filed a complaint in the Chancery Court of Lafayette County seeking reinstatement to his position as Head Engineer at the University, and in the alternative, money damages. In response, the University filed a Motion to Dismiss for Lack of Jurisdiction or, Alternatively, for Summary Judgment Based on Res Judicata. The chancery court never ruled upon the University's motion, but, on its own motion transferred the case to the Circuit Court of Lafayette County. The circuit court conducted a telephonic hearing on the University's motion. Following oral argument, the circuit court granted the University's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, for Summary Judgment based on Res Judicata. The present appeal followed.

### FACTS

¶2. M. Kent Smith ("Smith") was formerly a Head Engineer at the University of Mississippi's Teleproduction Resource Center. In September of 1997, Smith's immediate supervisor, Dr. Edwin E. Meek, Assistant Vice Chancellor for Public Relations and Marketing at the University, notified Smith that he had decided to terminate Smith's employment. The reasons for Smith's termination are not relevant to

resolve the issues presented by Smith's appeal. However, the record reflects that Dr. Meek decided to terminate Smith's employment because of excessive absenteeism and because of Smith's failure to timely perform the tasks required for his particular job title, among other reasons.

¶3. The appellate procedure for the review of employment termination decisions was published in the University's Handbook for Faculty and Staff. Utilizing the handbook procedure, Smith appealed Dr. Meek's termination decision to Dr. Andrew Mullins, the Executive Assistant to the Chancellor. After meeting with Smith and considering his appeal, Dr. Mullins affirmed the decision to terminate. Smith then appealed the termination decision to the University's Personnel Action Review Board ("PARB") for a full administrative hearing.

¶4. On November 5, 1997, the PARB conducted a hearing on Dr. Meek's termination decision and Smith's request for reinstatement. The PARB is a quasi-judicial administrative panel that has the authority to review and overturn staff employment decisions. At Smith's hearing, the PARB panel included Rex Deloach, Interim Vice Chancellor for Administration and Finance, Bonnie Brown, representing the Staff Council, and D. Russell Cooper, an employee-at-large. Gene Hartley, Director of Human Resources, served as the presiding officer at the hearing, but did not vote as a member of the PARB.

¶5. At the hearing, Smith appeared before the PARB on his own behalf. Smith's attorney, John Luckett, also attended the hearing to counsel Smith. Smith's counsel was not allowed to speak or present evidence at the hearing, but he was allowed to advise Smith concerning Smith's presentation and the hearing process itself.

¶6. On November 12, 1997, the PARB issued its decision denying Smith's appeal and affirming the termination of his employment. Approximately eighteen months later, Smith filed a complaint in the Chancery Court of Lafayette County seeking reinstatement to his position as Head Engineer and in the alternative, money damages. In his complaint, Smith alleged that Dr. Meek's decision to terminate him was without just cause and that the University's appeal process was constitutionally insufficient.

¶7. The University moved to dismiss because Smith had not appealed the University's termination decision to the circuit court by writ of certiorari, pursuant to Miss. Code Ann. §§ 11-51-93 & -95 (1972 & Supp. 2000). The University argued that appeal to the circuit court by writ of certiorari was the only way for Smith to seek judicial review of the PARB's termination decision. The University also argued that because Smith did not properly appeal, the PARB's decision was final so that Smith's claims were barred by res judicata.

¶8. Without ruling on the University's motion, the chancery court transferred the case to the Circuit Court of Lafayette County. The circuit court conducted a telephonic hearing on the University's motion on January 18, 2000. Following oral argument, the circuit court granted the University's motion and dismissed Smith's claims. Smith subsequently filed the present appeal.

## DISCUSSION

### I. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE BECAUSE OF APPELLANT'S FAILURE TO SEEK A WRIT OF CERTIORARI.

**A. Whether the statutory method for seeking review is University employment decisions is**

**the exclusive remedy.**

¶9. The statutory method for seeking review of University employment decisions is by writ of certiorari. The two statutes applicable to the University's employment decision are Miss. Code Ann. §§ 11-51-93 & -95 (1972 & Supp. 2000). Section 11-51-93 provides in pertinent part:

> All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings....

Miss. Code Ann. § 11-51-93 (1972). Further, § 11-51-95 provides that "[l]ike proceedings as provided in section § 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not." In ***Hall v. Board of Trs. of State Insts. of Higher Learning***, 712 So.2d 312 (Miss. 1998), this Court held that hearing panels at state universities are such "tribunals inferior," whose employment decisions may be reviewed by writ of certiorari pursuant to § 11-51-95.

¶10. In reviewing an administrative agency's findings of fact, the circuit court and this Court afford great deference to an administrative agency's construction of its own rules and regulations and the statutes under which it operates. ***Board of Supervisors v. Waste Mgmt. of Miss., Inc.***, 759 So.2d 397, 400 (Miss. 2000) (citing ***McDerment v. Mississippi Real Estate Comm'n***, 748 So.2d 114, 118 (Miss.1999)). When appeal is taken to the circuit court through writ of certiorari, § 11-51-93 provides that "[t]he court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings...." Smith argues that because of the "inadequate record" before the Personnel Action Review Board, his sole meaningful remedy was to seek de novo review by filing an original lawsuit. Smith's claim raises the issue of whether the statutory appeal method is the exclusive method for seeking relief.

¶11. In analyzing whether the statutory appeal method was Smith's exclusive remedy, the University points out that judicial deference to administrative decision-making is firmly rooted in this State's constitutional jurisprudence. The State's public universities are considered a part of the executive branch of State government. ***Board of Trs. of State Insts. of Higher Learning v. Van Slyke***, 613 So.2d 872, 879 (Miss. 1983). State universities, like other executive branch agencies, have adopted appellate procedures for employees who wish to contest an adverse employment decision and have formed administrative, quasi-judicial tribunals to hear and rule upon employee appeals. The University's Personnel Action Review Board is one such tribunal.

¶12. This Court has repeatedly recognized the availability of the writ of certiorari under § 11-51-95 for the review of decisions of inferior state administrative tribunals. In ***Hall***, this Court held that hearing panels at state universities are such "tribunals inferior," whose employment decisions may be reviewed by writ of certiorari pursuant to § 11-51-95. ***Hall***, 712 So.2d at 324. ***Hall*** also held that:

> Where a decision of an administrative agency is appealed to the circuit court pursuant to a writ of certiorari as provided by Miss. Code Ann. § 11-51-93, the circuit court's review of the decision of

state agencies is to "be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.

*Hall*, 712 So.2d at 324 (citing Miss. Code Ann. § 11-51-93 (1972)). Moreover, Smith contests neither the wording nor the applicability of § 11-51-95. Smith argues, rather, that his case warrants an exception to the statutory method because his procedural due process rights were violated.

¶13. Smith argues that he is entitled to bring an independent suit and seek de novo review of the University's employment decision for two reasons. First, Smith argues that since this Court allowed a former University of Mississippi football coach trial de novo in *Board of Trs. of State Insts. of Higher Learning v. Brewer*, 732 So.2d 934 (Miss. 1999), that he also is entitled a trial de novo. Second, Smith argues that the PARB hearing was constitutionally infirm and that, to address the hearing's constitutional flaw, the Court must consider matters outside the record before the PARB. Smith claims that if his sole remedy is by writ of certiorari, and if the reviewing court is confined to the face of the record, then he essentially has no remedy because the record from his appeal before the PARB is inadequate. Additionally, Smith argues that since he sought reinstatement as a remedy, the chancery court had jurisdiction to hear the matter.

¶14. The University argues that appeal to the circuit court by writ of certiorari was Smith's exclusive remedy for review of the PARB's employment decision. The University asserts that because Smith did not appeal the PARB's decision, that decision is final, and Smith's claims are therefore barred by res judicata. The University also asserts that the circuit court lacks jurisdiction over the matter, because Smith did not file a petition for writ of certiorari with the required bond within six months of the PARB's decision.

¶15. In support of his first contention, that his claims are not barred by his failure to appeal the PARB's decision in the statutorily prescribed manner, Smith relies on *Board of Trs. of State Insts. of Higher Learning v. Brewer*, 732 So.2d 934 (Miss. 1999). In *Brewer*, former University head football coach Billy Brewer appealed his termination to the PARB for a full hearing. *Brewer*, 732 So.2d at 935. The PARB ultimately upheld his termination, and Brewer then filed a complaint in the circuit court, seeking monetary damages for breach of contract, violation of his constitutional rights, and tortious interference with contract. *Id.* The Board of Trustees ("Board") filed a Motion to Dismiss for Lack of Jurisdiction, claiming that the circuit court lacked jurisdiction over the case, because Brewer failed to follow the statutory procedure under Miss. Code Ann. §§ 11-51-93 and 11-51-95. The circuit court denied the Board's motion, and the Board appealed to this Court.

¶16. In explaining why Brewer could maintain a separate action in the circuit court, despite the fact that he did not follow the statutory procedure, this Court cited *Hall v. Board of Trs. of State Insts. of Higher Learning*, 712 So.2d 312 (Miss. 1998). In *Hall*, the Court approved the use of the statutory procedure for appeals from administrative tribunals at Mississippi universities. In *Brewer*, this Court differentiated the two cases by stating that:

> *Hall* is easily distinguished from the current case. Hall sought to have the decision of the administrative tribunal...reversed; his action was a direct appeal from the administrative procedure. In this case, Brewer filed a separate suit seeking monetary damages for breach of contract after he received confirmation from the University's director of Personnel...that his administrative remedies with the University had been exhausted. Brewer's action in circuit court was not an attempt to seek reinstatement through an appeal from the decision of the University or the Board's approval, but was

instead a separate breach of contract action for damages.

*Brewer*, 732 So.2d at 936. The Court held that Brewer followed the proper procedure for initiating a breach of contract claim against the Board by filing a complaint in the circuit court. *Id.* at 937.

¶17. Smith argues that, although he did and still does seek reinstatement, his complaint before the chancery court also sought monetary damages in the alternative. Smith argues that the reason this Court ruled that Brewer did not have to avail himself of the statutory procedure requiring a writ of certiorari was because Brewer sought damages, "a separate type of remedy." He claims that since he demanded damages in his complaint to the chancery court, he should have been allowed to pursue the action upon the chancery court's transfer to the circuit court. Smith also argues that the chancery court had jurisdiction to hear the entire matter- - - the issue of reinstatement and the issue of monetary damages.

¶18. Smith's reliance on *Brewer* is misguided. *Brewer* did not overrule this Court's prior holding in *Hood*; rather, the holding in *Brewer* was limited to the facts of that particular case. *Brewer* emphasized that, "the circuit court has original jurisdiction over all breach of contract cases, and that Brewer's action in circuit court "was not an attempt to seek reinstatement through an appeal from the decision of the University or the Board, but was instead a separate breach of contract action for damages." *Id.* at 936. Brewer had three years remaining on his contract with the University at the time he was terminated. *Id.* at 935. The Court's rationale in *Brewer* was based on the fact that Brewer had a written, separately negotiated contract with the University, the terms of which were in dispute. This Court places high importance on such contractual relationships. Smith, however, had no such written contract. Smith refers to an "oral contract of employment" with the University. In truth, Smith was a state employee with no separate, written contract. Smith was afforded statutory protections and procedures for the purpose of appealing employment decisions, while an employee with a separate, written contract may pursue other avenues in search of relief.

¶19. Also, in *Brewer,* the Court implied that its decision was based in part on fairness concerns, stating that:

> Our notions of due process would be impugned by requiring Brewer to pursue a breach of contract claim against the Board in an administrative tribunal ultimately answerable to the Board itself and subject to the limited review of the circuit court allowed under § 11-51-93.

*Id.* at 937.

### B. Whether circuit court had jurisdiction to review the PARB's termination decision.

¶20. Because Smith did not exhaust his administrative remedies, by following statutory appeal procedures, the circuit court lacked jurisdiction to review the University's employment decision. This Court has previously held that failure to post the required appeal bond under § 11-51-93 is a jurisdictional issue. *Mississippi State Pers. Bd. v. Armstrong*, 454 So.2d 912, 914-15 (Miss. 1984). In *Armstrong*, the court addressed the statutory bond requirements, (specifically the requirements in § 11-51-95), and stated that:

> As stated, we hold that the required supersedeas bond is jurisdictional, and the appeal is not perfected until the bond is approved by the circuit judge and filed.

*Armstrong*, 454 So.2d at 914-15 (citing *Phillips Constr. Co. v. Mississippi State Highway Comm'n*,

420 So.2d 1374 (Miss. 1982)); *see also* **Grand Gulf Military Monument Comm'n v. Cox**, 492 So.2d 287 (Miss. 1986) (holding that circuit court lacked jurisdiction over matter because terminated employee failed to file petition required by statute). Again, in **Bertucci v. Mississippi Dep't of Corrs.**, 597 So.2d 643 (Miss. 1992), this Court required strict compliance with the appeal provisions for a writ of certiorari by stating that "[w]e decline to ignore statutory requisites and accept that a brief is in substantial compliance with § 11-51-93. We are not willing to accept anything less than full compliance with all essentials within the time allowed...." *Id.* at 646-47. As the University correctly points out, Smith failed to submit a petition supported by an affidavit and post a bond, with security, within six months of the decision of the PARB per the requirements of § 11-51-95. Smith's failure to perfect his appeal under § 11-51-95 deprived the circuit court of jurisdiction to review the University's decision to terminate Smith, therefore the court's dismissal of Smith's claims was proper.

### C. Whether Smith's claims are barred by res judicata.

¶21. Moreover, even if the circuit court had jurisdiction to review Smith's claims, such claims are barred under the doctrine of res judicata. This Court addressed a situation identical to Smith's in **Hood v. Mississippi Dep't of Wildlife Conservation**, 571 So.2d 263 (Miss. 1990). The Mississippi Department of Wildlife Conservation ("DWC") terminated Hood after he was convicted of a crime. **Hood**, 571 So.2d at 265. Hood appealed the termination decision to the Mississippi Employee Appeals Board ("EAB"), which affirmed his termination. *Id.* Hood did not seek judicial review in the circuit court after exhausting his administrative remedies. *Id.* Hood instead filed an action in the chancery court seeking both reinstatement and money damages. *Id.* The chancery court dismissed Hood's claims, holding that his appellate remedy was adequate and exclusive. *Id.* The Court held that the statutorily prescribed employee appeals procedure was a vehicle through which a former state employee could assert, and ultimately appeal, his various claims.[1] *Id.* at 267. This Court held that,

> Because every claim Hood asserts was available to him before the Employee Appeals Board- -and before the Circuit Court thereafter, had he chosen that route, we hold Hood's remedy at law plain, speedy, adequate and complete. Because that remedy has been exhausted, Hood's claim is barred under elementary notions of res judicata.

*Id.* at 268.

¶22. Under Mississippi law, res judicata or collateral estoppel precludes relitigation of administrative decisions. In **Mississippi Employment Sec. Comm'n v. Philadelphia Mun. Separate Sch. Dist.**, 437 So.2d 388 (Miss. 1983), this Court held that the doctrine of collateral estoppel applied to administrative proceedings. *Id.* Further, this Court has held that "[o]nce an agency decision is final and the decision remains unappealed beyond the time to appeal, it is barred by administrative res judicata or collateral estoppel." **Zimmerman v. Three Rivers Planning & Dev. Dist.**, 747 So.2d 853, 861 (Miss. 1999). The holding in **Hood** dictates that the doctrine of res judicata precludes not only further litigation of claims that were actually raised in a prior proceeding, but also any claim that could have been raised in the earlier suit. **Hood**, 571 So.2d at 267-69. Smith's claims are likewise barred by res judicata because he did not properly appeal the PARB's decision.

¶23. Smith's second contention, that the statutory appeals process could not provide a meaningful remedy, is without merit. Smith claims that the PARB violated his constitutional rights by refusing to allow his attorney to actively participate in the PARB hearing. Smith argues that since his attorney was "essentially

gagged at the hearing...an adequate record could not be made." Thus, Smith asserts, trial de novo is the only meaningful way to obtain justice. Smith maintains that his position is that "this is not an appeal but a direct attack upon the Appellee's hearing process in the instant case," and that "[t]his would include matters outside the record."

¶24. Smith's argument fails for three reasons. First, the PARB transcript clearly indicates the limited role allowed Smith's counsel. Therefore, the PARB record is sufficient to address any alleged constitutional flaw. At the beginning of the hearing, Gene Hartley, the University's Director of Human Resources, read a statement informing the participants that, "[i]t is noted that counsel is only to assist the parties who will present their own cases." The hearing transcript also provides the following statement made in response to an attempt by Smith's attorney to speak:

> BY MR. LUCKETT (Smith's attorney): I read the report that he faxed me that said he was suffering from some sort of stress. I don't remember - -
>
> BY MR. HARTLEY: Could I ask you not to speak for him.

¶25. Second, Smith failed to contemporaneously object to the hearing process before the PARB. In *United Cement Co. v. Safe Air for the Env't, Inc.*, 558 So.2d 840 (Miss. 1990), an environmental group, "SAFE," appealed a decision by the Mississippi Department of Natural Resources Permit Board. SAFE was granted a full evidentiary administrative hearing before the Permit Board, which designated a Special Assistant Attorney General to sit with the Board as hearing officer. *Id.* at 841. After the Permit Board reaffirmed its earlier decision, SAFE appealed to the chancery court, charging that it had been denied due process of law because the hearing officer was a Special Assistant Attorney General and that the attorney representing the Mississippi Bureau of Pollution Control was also a Special Assistant Attorney General. *Id.* This Court reversed the chancery court, holding in part that:

> SAFE admits having knowledge of the identity of the hearing officer as an Assistant Attorney General well before the hearing and in time to object if any legitimate objection existed. It made no objection before the Board and proceeded through the hearing without objection. We are of the opinion that it waived any real or supposed objection it might have had by this conduct.

*Id.* at 843. The State argues that any other result would give Smith and other aggrieved employees an incentive to hold any objections and adduce less than all of the evidence, and then rely upon the flaws in the process or the inadequate record to obtain trial de novo.

¶26. Third, this Court has held that the appeals process is adequate to address alleged constitutional flaws in the appeals process. In *Hood*, a terminated employee filed an action in the chancery court charging, among other things, that the DWC had violated rights secured to him under state and federal constitutions. *Hood,* 571 So.2d at 266. The chancery court dismissed Hood's claims, holding that his appellate remedy was adequate and exclusive. *Id.* On appeal, this Court addressed the issue of whether the statutory appeals process was adequate to assert a denial of constitutional rights. *Id.* at 265, 268. This Court held that the Employee Appeals Board and the circuit court on appeal had the ability to adjudicate Hood's breach of contract and constitutional claims, and stated that:

> The remedial process provided such employees[2] necessarily vests the employee's department, agency or institution, and ultimately the EAB, with full authority to hear not only the merits vel non of

any charge of inefficiency or other good cause, but also any other matter of fact or law the employee may assert affecting his employment.

The more relaxed administrative appellate process before the EAB is quite conducive to a full airing of the employee's constitutional claims.

Because every claim Hood asserts was available to him before the Employee Appeals Board- -and before the Circuit Court thereafter, had he chosen that route, we hold Hood's remedy at law plain, speedy, adequate and complete.

*Id.* at 268. Every claim Smith now asserts could have been addressed before the PARB and the circuit court on appeal, had Smith filed a writ of certiorari.

### II. WHETHER THE CHANCELLOR ERRED IN TRANSFERRING THE CASE TO THE CIRCUIT COURT ON HIS OWN MOTION.

¶27. In *Benedict v. City of Hattiesburg*, 693 So.2d 377, 378 (Miss. 1997), the plaintiff filed a complaint against the City of Hattiesburg in chancery court, alleging that an election had been conducted without legal authority. The City of Hattiesburg filed a motion to dismiss for, among other things, lack of subject matter jurisdiction. *Id.* at 378. The chancellor held that the chancery court lacked jurisdiction and dismissed the case. After clarifying that Miss. Code Ann. § 11-51-75[(3)] afforded complainants such as Benedict a "plain, adequate, speedy, and complete remedy for a judicial determination of his right," *Id.* at 381 (citing *Moore v. Sanders*, 558 So.2d 1383 (Miss. 1990)), and that the chancery court did indeed lack subject matter jurisdiction, the Court nonetheless reversed the lower court for failure to transfer to the case to circuit court. The Court cited Article 6, § 162 of the Mississippi Constitution, which reads as follows: "All cases that may be brought in chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." Miss. Const. art. 6, § 162 (1890). The Court reiterated its prior holding in *Moore v. Mississippi Hosp. & Med. Serv.*, 317 So.2d 919 (Miss. 1975), that a chancellor's failure to transfer when a demurrer was requested on the basis of lack of subject matter jurisdiction amounts to reversible error. *Id.* at 381.

¶28. In the case sub judice, the University filed a motion in the chancery court to dismiss for lack of subject matter jurisdiction. Since the circuit court had exclusive jurisdiction over Smith's claims, there is no doubt that the chancellor acted properly in transferring the case to the circuit court pursuant to the Mississippi Constitution and the case law of Mississippi.

### CONCLUSION

¶29. For these aforementioned reasons, the Court affirms the judgment of the trial court and holds both that appeal to the circuit court by writ of certiorari was Smith's exclusive remedy for review of the PARB's decision, and that the chancery court judge did not err in transferring Smith's case to the circuit court on his own motion.

¶30. **AFFIRMED**.

**SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, P.J.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶31. Once he had exhausted the administrative procedure of the Personnel Action Review Board ("PARB"), Smith had two possible avenues. He could have sought reinstatement of his position by posting bond and petitioning for writ of certiorari pursuant to Miss. Code Ann. §§ 11-51-93 & -95(1972 & Supp. 2000), with limited review by the circuit court, or he could have sought monetary damages for breach of contract in an original action in the circuit court. *See Bd. of Trs. of State Insts. of Higher Learning v. Brewer*, 732 So.2d 934 (Miss. 1999). Nothing in the statutes prescribe them as the exclusive means to seek judicial review of decisions of the PARB. I would, therefore, reverse the circuit court's grant of summary judgment as to Smith's claim for monetary damages arising from breach of contract. Accordingly, I dissent.

¶32. Smith argues that he had a verbal contract of 17 years with the University. Upon termination by his immediate supervisor, Smith followed the procedures of the University's Handbook for Faculty and Staff to appeal the decision. The Executive Assistant to the Chancellor upheld his termination, and Smith appealed to the PARB. After a full hearing, the termination was affirmed. At this point, Smith had exhausted his administrative remedies, and the two above avenues were available to him. He then filed suit in the circuit court, seeking monetary damages and reinstatement.

¶33. These facts are analogous to those in *Brewer*, 732 So.2d at 935, in which Brewer appealed his termination to the department head, and then to the PARB. Instead of seeking further review of his termination by way of a writ of certiorari, Brewer chose to pursue an original breach of contract claim for monetary damages in the circuit court. In *Brewer*, we held as follows: "Our notions of due process would be impugned by requiring Brewer to pursue a breach of contract claim against the Board in an administrative tribunal ultimately answerable to the Board itself and subject to the limited review of the circuit court allowed under § 11-51-93." *Id.* at 937.

¶34. The majority attempts to distinguish the instant case from *Brewer* by emphasizing that Brewer had a written contract with the University. However, we did not limit our holding in *Brewer* specifically to claims based on written contracts. A contract is a contract, whether it is oral or written. Whether Smith was under a valid oral contract is a question of fact for a jury to determine. In addition, the administrative review process was the same for either Brewer or Smith. Our notions of due process should be no less offended by requiring Smith to pursue his breach of contract claim against the Board of Trustees in an administrative tribunal that is ultimately answerable to the Board itself and subject only to the limited review provided for by sections 11-51-93 and 11-51-95. Whether the claim for breach of contract is based on an oral or a written agreement is irrelevant.

¶35. Likewise, Smith's breach of contract claim is not barred by res judicata. Smith initially sought reinstatement of his employment, and his claim for damages based on breach of contract is a separate and original action, as was the plaintiff's suit for breach of contract in *Brewer*. The majority opines that the doctrine of res judicata bars not only those claims actually raised in the prior proceeding, but any claim that could have been raised. However, as discussed above, requiring Smith to bring his claim before a body that is only answerable to the defendant violates Smith's due process rights.

¶36. For these reasons, I would reverse the Lafayette County Circuit Court's grant of summary judgment in favor of the Board of Trustees as to Smith's claim for monetary damages based on breach of contract. Under our holding in *Brewer*, Smith ought to be able to pursue his damage claim in the circuit court as an original matter. Accordingly, I dissent.

**BANKS, P.J., JOINS THIS OPINION.**

1. The Court was addressing the Mississippi Statewide Personnel System statutes which consolidated the state's civil service system. Miss. Code Ann. § 25-9-121 (Supp. 1990). The Court noted that the statute prescribes a remedial process available to state employees aggrieved regarding the terms and conditions of their employment. *Hood*, 571 So.2d at 267.

2. The Mississippi Statewide Personnel System statutes consolidated the state's civil service system. Miss. Code Ann. § 25-9-105 (Supp. 1990). The statutes proscribe a remedial process available to state employees aggrieved regarding the terms and conditions of their employment. Prior to his termination, Hood had attained permanent employee status under the civil service system. *Hood*, 571 So.2d at 267.

3. Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment....The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall... determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.