# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02020-SCT

*JACKSON STATE UNIVERSITY;*
*BOARD OF TRUSTEES OF STATE*
*INSTITUTIONS OF HIGHER LEARNING;*
*RICHARD A. CROFTS,*
*INTERIM COMMISSIONER*

*v.*

*UPSILON EPSILON CHAPTER OF*
*OMEGA PSI PHI FRATERNITY, INC.,*
*KENNETH HAIR, BASILEUS, AND*
*INDIVIDUALLY, AND*
*ANTHONY HALES, INDIVIDUALLY*


| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICKY LEE BOGGAN |
| | ALAN M. PURDIE |
| ATTORNEY FOR APPELLEES: | THOMAS W. POWELL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 03/22/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, P.J., DIAZ AND CARLSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from an altercation in the Jackson State University student union wherein two students, Kenneth Hair and Anthony Hales, "tackled" a third student, Ryan Mack, who was wielding a firearm.  During the scuffle, the firearm was discharged,

wounding a fourth student, Benjamin Hart. Hair and Hales were issued disorderly conduct citations and appeared before the JSU Student Life Disciplinary Committee. After a hearing, they were found guilty of disorderly conduct and were suspended from attending JSU. The fraternity to which Hair, Hales and Hart belonged, Omega Psi Phi, was also cited for disorderly conduct under that part of the JSU student manual which provides that, if a member of a fraternity "draws attention to the organization rather than to themselves as individuals," the fraternity may be found guilty of disorderly conduct. Omega Psi Phi was found guilty of disorderly conduct because Hair, Hales and Hart, upset that Mack had spit on the Omega Psi Phi monument, followed Mack to the student union and instigated the altercation that resulted in the discharge of the weapon. Omega Psi Phi was suspended from participating in any fraternity activities on the JSU campus until the spring semester of 2009.

¶2. Hair, Hales and Omega Psi Phi appealed to the appeals committee, which affirmed. They then filed in the Circuit Court of the First Judicial District of Hinds County a "Complaint and Motion for a Temporary Restraining Order, for a Preliminary and Permanent Injunction, and for Other Relief." They asked the court to prohibit "Jackson State University and the Board of Trustees of State Institutions of Higher Learning from enforcing the decision of the Student Disciplinary Committee."

¶3. After a hearing, the circuit court granted injunctive relief based on the appellees' allegations of denial of due process. Specifically, the appellees alleged that they were not allowed to cross examine the campus police officer who was present during the altercation and who preferred the charges against them. We granted permission to Jackson State

2

University, the Board of Trustees of State Institutions of Higher Learning, and Richard A. Crofts, Interim Commissioner, to file this interlocutory appeal.

## DISCUSSION

¶4.    The case of ***Smith v. The University of Mississippi***, 797 So. 2d 956 (Miss. 2001) is dispositive.  Smith, who had been employed at the University ("Ole Miss"), as an engineer, was terminated.  *Id.* at 957. According to the process outlined in Ole Miss's Handbook for Faculty and Staff, Smith appealed, first to an administration official, then to the Personnel Action Review Board ("PARB") for a full administrative hearing.  *Id.*  After the termination was affirmed, Smith filed suit in circuit court, alleging that no just cause existed for the termination and that the appeal process was constitutionally insufficient.  *Id.*  Ole Miss moved to dismiss the complaint on the basis that the circuit court had no jurisdiction inasmuch as Smith failed to file the appeal according to Miss. Code Ann. §§ 11-51-93 and -95[1] (Rev. 2002), i.e., by filing a petition for writ of certiorari in the circuit court and posting a bond.  In response, Smith alleged that section 11-51-95 did not apply to him because his procedural due process rights were violated.  *Id.* at 960.  We disagreed with Smith's argument.  Pointing out that Smith sought a reversal of the PARB's ruling, that is, he sought reinstatement of his employment, we held that, even though Smith raised due process claims, the circuit court did not have jurisdiction because Smith did not exhaust his administrative

---

[1]Section 11-51-95 provides in pertinent part, as follows:  "Like proceedings as provided in Section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not."  We have held that hearing panels at state universities are "tribunals inferior" pursuant to § 11-51-95. ***Smith v. Univ. of Miss.***, 797 So. 2d 956, 959 (Miss. 2001).

remedies. *Id*. at 961-62. It followed the ruling in ***Miss. State Pers. Bd. v. Armstrong***, 454 So. 2d 912, 914-15 (Miss. 1984), where we held that "the required supersedeas bond is jurisdictional, and the appeal is not perfected until the bond is approved by the circuit judge and filed." ***Smith***, 797 So. 2d at 962. We continued:

> Again, in ***Bertucci v. Mississippi Dep't of Corrs.***, 597 So. 2d 643 (Miss. 1992), this Court required strict compliance with the appeal provisions for a writ of certiorari by stating that "we decline to ignore statutory requisites and accept that a brief is in substantial compliance with § 11-51-93. We are not willing to accept anything less than full compliance with all essentials within the time allowed . . . ." As the University correctly points out, Smith failed to submit a petition supported by an affidavit and post a bond, with security, within six months of the decision of the PARB per the requirements of § 11-51-95. Smith's failure to perfect his appeal under § 11-51-95 deprived the circuit court of jurisdiction to review the University's decision to terminate Smith[;] therefore the court's dismissal of Smith's claims was proper.

*Id.* (citations omitted).

¶5.     Therefore, because Omega Psi Phi, Hair and Hayes failed to strictly comply with section 11-51-95 by failing to file a petition for writ of certiorari and to post a bond with security, the circuit court did not have jurisdiction to hear the appellees' motion for a temporary restraining order, for a preliminary and permanent injunction, and for other relief.

## CONCLUSION

¶6.     We dissolve the temporary restraining order and preliminary injunction issued by the Circuit Court of the First Judicial District of Hinds County and render judgment in favor of

4

Jackson State University, Board of Trustees of State Institutions of Higher Learning, and

Richard A. Crofts, Interim Commissioner.

¶7.     **REVERSED AND RENDERED.**

      **SMITH, C.J., COBB, P.J., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., NOT PARTICIPATING.**