996 So.2d 825 (2008)
Felisha TILLMON, Appellant
v.
MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY, Appellee.
No. 2007-CC-00940-COA.
Court of Appeals of Mississippi.
December 16, 2008.
*826 Felisha Tillmon, Appellant, pro se.
Albert B. White, Madison, attorney for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. In August 2006, Felisha Tillmon was terminated from her employment with Mississippi Delta Community Mental Health in Greenville, Mississippi. Shortly thereafter, Tillmon filed a claim for unemployment benefits with the Mississippi Department of Employment Security (MDES). The claims examiner found that Tillmon had violated company policy by leaving work without proper authorization. Therefore, he denied her claim for benefits. Tillmon appealed, and the administrative law judge (ALJ) who heard the appeal determined that Tillmon had abandoned her appeal by failing to participate in the hearing. Tillmon then contacted the MDES and requested that the hearing be rescheduled. The MDES denied her request, and she then appealed to the MDES's Board of Review (Board), which dismissed her appeal. Tillmon then appealed to the Washington County Circuit Court which upheld the Board's decision. Aggrieved, Tillmon appeals and asserts that she timely appealed to the Board and that she showed good cause as to why she failed to appear for the hearing.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. Tillmon was employed by Mississippi Delta Community Mental Health for approximately one year, prior to her termination in August 2006. On August 14, 2006, Tillmon filed an initial claim for unemployment benefits with the MDES. In her claimant's statement, Tillmon admitted that on August 13, 2006, she left work without obtaining permission or informing her supervisor because she was suffering from a migraine. Tillmon also stated that, prior to leaving, she told a co-worker that she was going to go home because she was in pain. Naomie Davis, Tillmon's supervisor at the time of the incident, provided a statement wherein she stated that she had asked Tillmon why she had not obtained permission prior to leaving her job. According to Davis, Tillmon responded by saying, "I forgot." Thereafter, Tillmon was terminated for abandoning her job. The MDES determined that Tillmon had been discharged due to work-related misconduct and denied her claim pursuant to Mississippi Code Annotated section 71-5-513(A)(1)(b) (Supp.2008).
¶ 4. On September 7, 2006, the appeals department of the MDES received a letter *827 from Tillmon wherein she explained why she left her job on August 13. In turn, on September 28, 2006, the MDES mailed a notice to Tillmon informing her that a telephonic hearing before the ALJ was scheduled for 8:30 a.m. on October 5, 2006. The notice also informed Tillmon that the hearing could only be postponed for a compelling reason with adequate notice. Tillmon did not participate in the hearing and later claimed in a letter to the MDES that she had not received notice that a hearing had been scheduled.
¶ 5. On October 5, 2006, the ALJ dismissed Tillmon's appeal, finding that it had been abandoned when Tillmon failed to appear for the hearing without showing good cause for her nonappearance. In his decision, the ALJ informed Tillmon that his decision would become final in fourteen days unless she filed an appeal with the Board within that fourteen-day period. The decision also stated that if neither Tillmon nor a representative on her behalf appeared at the hearing, she could file a written request with the ALJ for a rehearing within that fourteen-day period. In her request, Tillmon was required to state why she failed to attend. The ALJ would then decide whether good cause existed to grant a rehearing.
¶ 6. Thereafter, on October 11, 2006, and October 19, 2006, Tillmon submitted letters to the Office of Administrative Appeals of the MDES wherein she explained that she had not received notice of the telephonic hearing and requested that the hearing be rescheduled.[1] Thereafter, the MDES responded by letter and informed Tillmon that her October 11th letter had been received and that her request for a rehearing had been denied, because it had been determined that she had not shown good cause as to why she did not participate in the hearing.[2] Tillmon was informed that she had fourteen days from the date of the ALJ's October 5th decision to appeal.
¶ 7. On October 23, 2006, the MDES responded to Tillmon's October 17th letter [3] and, again, informed Tillmon that her request for a rehearing had been denied due to her failure to show good cause as to why the hearing should be rescheduled. In this letter, Tillmon was informed that she had fourteen days from October 23 to appeal the ALJ's decision.
¶ 8. On November 15, 2006, the MDES sent Tillmon a letter wherein it informed her that the Board had received her appeal and would consider it based on the record before it and that a hearing would not be held on the matter. On November 29, 2006, the Board heard Tillmon's appeal and dismissed it after concluding that Tillmon had not filed her appeal within fourteen days of the ALJ's October 5th decision. Specifically, the Board found that Tillmon had not filed her appeal until October 30, 2006.[4] Tillmon then appealed to the Washington County Circuit Court, which affirmed the Board's decision. It is *828 from this decision that Tillmon now appeals.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 9. An appellate court will not disturb the findings of an administrative agency unless the agency's order: "1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Sprouse v. Miss. Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994) (citing Miss. Comm'n on Envtl. Quality v. Chickasaw County Board of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). Further, "[a] rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." Id. (citing United Cement Co. v. Safe Air for the Env't, 558 So.2d 840, 842 (Miss.1990)).

1. Timeliness of Appeal
¶ 10. Tillmon contends that the trial court erred in affirming the decision the MDES's Board which found that she did not timely appeal the ALJ's decision. The ALJ concluded: "As of the date of this order, the appellant did not appear or show cause for non-appearance. The Administrative Law Judge, having determined that the appeal has been abandoned, hereby DISMISSES the appeal." Tillmon argued to the Board, and argues on appeal, that she did not participate in the hearing because she did not receive notice that a hearing had been scheduled. Nevertheless, the ALJ concluded that Tillmon had received notice of the telephonic hearing and wilfully failed to participate.
¶ 11. We note that at the time of the ALJ's decision, Tillmon had not given any reason for her nonappearance. Further, the ALJ's finding of abandonment never became final because the decision provided that it would not become final if an appeal or written request for rehearing was filed within fourteen days following the October 5th decision. The ALJ stated that:
This decision will become final fourteen (14) days after the date indicated above unless you file an appeal with the Board of Review within that time; or if neither you nor your representative attended your hearing, you may file a written request with the Administrative Law Judge for a rehearing within the aforesaid fourteen (14) days. Your request should state the reason you failed to attend. The Administrative Law Judge will determine if good cause exists to grant a hearing.
(Emphasis added). Clearly, Tillmon complied with the ALJ's decision, as she sought a rehearing in letters that she sent to the Office of Administrative Appeals which were received on October 11 and October 19.
¶ 12. The Board should have been reviewing the October 23rd decision of the MDES, which denied Tillmon's request for a rehearing. The October 23rd letter from the MDES informed Tillmon, before it denied her request, that: "I am in receipt of your correspondence dated October 17, 2006, requesting a rehearing of the matter that was before the Administrative Law Judge on October 5, 2006." In its final decision, the Board concluded that Tillmon did not file an appeal with the Board until October 30, 2006. However, as previously stated, Tillmon provided a written request with the ALJ for a rehearing within the fourteen-day period, which is all that she was required to do, per the ALJ's decision. Thus, the circuit court erred in affirming the finding of the Board that Tillmon's appeal was untimely. For the reasons stated above, we conclude that Tillmon's request for a rehearing was timely and *829 that the Board's assertion to the contrary is simply not supported by the record.

2. Reason for Nonappearance
¶ 13. Tillmon also argues that the circuit court erred in affirming the Board's decision because it was never determined whether she had demonstrated good cause as to why the hearing should be rescheduled. In its order, the circuit judge concluded that the Board adopted and affirmed the findings of fact and opinion of the ALJ. We disagree, as the Board's decision does not state that it adopted and affirmed the findings of the ALJ. Nevertheless, we agree with the circuit court's affirmance of the Board's conclusion affirming the ALJ's dismissal of Tillmon's appeal. "On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993) (citing Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988)).
¶ 14. According to Tillmon, she did not learn that the hearing had been held on October 5 until she received the ALJ's decision on October 8. We cannot hold the Board in error for affirming the ALJ's decision, as the ALJ concluded that Tillmon had received notice of the hearing because notice was sent to the address that it had on file for her. We note that this is the same address that Tillmon listed as her return address on the letters that she sent to the MDES. This Court has held that "[b]y statute, the MDES is only obligated to mail notification of a claims examiner's decision to [a] claimant's last known address." Cerrato v. Miss. Employment Sec. Comm'n, 968 So.2d 957, 961(¶ 12) (Miss.Ct.App.2007) (citing Miss. Code Ann. § 71-5-517 (Supp.2007)). Therefore, because the MDES sent notice of the hearing to Tillmon's "last known address," it complied with Mississippi Code Annotated section 71-5-517, and the circuit court cannot be found to have committed error in affirming the Board's decision. This issue lacks merit.
¶ 15. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Tillmon also submitted a third letter that was dated October 17, 2006; however, it was not received until November 1, 2006, by the Office of Administrative Appeals.
[2] Actually, the MDES stated that it was in receipt of Tillmon's October 10th letter; however, it appears from the date that is stamped on Tillmon's letter that it was received on October 11. Thus, we refer to Tillmon's letter as her October 11th letter.
[3] In its letter, the MDES refers to the date that is listed on Tillmon's letter, rather than the date that it was received.
[4] The Board and Tillmon assert that she filed an appeal with the Board on October 30, 2006; however, we note that the record does not contain this appeal.